# Tide Water Pipe Company, Limited, *versus* Kitchenman.

The rules of a partnership association limited, organized under the Act of Assembly approved June 2d, 1874, (P. L. 271) prescribed a particular form for the transfer of stock and provided that no change of ownership could be accomplished in any other mode or form or by any other means than a transfer as specified. An owner of stock of the association assigned it for a valuable consideration not in the prescribed mode, but by an instrument of writing including an irrevocable power of attorney.

*Held*, that the rule providing for the mode of transfer was for the benefit of the company; that the assignment passed the title to the stock to the assignee as against the assignor, and therefore as against his attaching creditor.

[Tide Water Pipe Co. *v.* Kitchenman.]

February 4th, 1885.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J. absent.

ERROR to the Court of Common Pleas of *Crawford county :* Of January Term, 1885, No. 146.

Attachment sur judgment, by James Kitchenman for use of Samuel Lyons against D. B. Stewart, defendant, and the Tide Water Pipe Company, Limited, garnishee.

The facts as they appeared from the answers filed by the garnishee to the plaintiff's interrogatories were as follows :—

The Tide Water Pipe Company, Limited, is an association organized under the Act approved June 2d, 1874, entitled " An Act authorizing the formation of partnership associations in which the capital subscribed shall alone be responsible for the debts of the association, except under certain circumstances," (P. L. 271) and its supplements.

Prior to December 3d, 1883, Kitchenman recovered a judgment against Stewart for $965. Upon that date Stewart was the owner of 168 shares of stock of the association, of the par value of $100 each, which stood in his name upon the books of the association.

As a member of the association he had subscribed to its rules. Rule 10 was as follows : " Interests in said association shall only be transferred upon the transfer book of said association in person or by proxy, and in such form as shall be prescribed or adopted by the Board of Managers, and upon the surrender of the certificates therefor ; but no transfer shall be made of any fractional part of a share or of a less amount of capital than one hundred dollars. No change of ownership can be accomplished in any other mode or form, or by any other means than a transfer as above specified ; *provided however*, that until some other form shall be prescribed or adopted by the Board of Managers, such transfers shall be in the following form :—

### TRANSFER OF CAPITAL.

No—— For a valuable consideration, one part of which consideration is the signing of the stipulation hereto attached, I —— hereby sell, assign and set over——shares (of the par value of $100 each) of capital in The Tide Water Pipe Company, Limited, to——, and I agree that $——, has been paid to said company on account of subscription to said shares, leaving $—— to be paid thereon to make said capital full paid.

Witness my hand and seal this —— day of——A. D. 18——

I —— hereby accept the above assignment and transfer of —— shares of capital in The Tide Water Pipe Company, Limited, from —— and in consideration thereof agree with the

said assignor and the said The Tide Water Pipe Co., Limited, that I will hold said shares and interest in capital subject to the rules and regulations of the said Tide Water Pipe Co., Limited, that in all respects I assent to and will be bound by said rules and regulations, whether this transfer be followed by my election to membership in said company or not; and that I assume and agree to pay to said company the sum of $—— remaining to be paid on said capital to make the same full paid.

Witness my hand and seal this —— day of —— A. D. 18

*And, provided further,* that one provision in all transfers shall be, that the transferee shall assent to and agree to be bound by the rules and regulations of the association in force at the date of such transfer.

If any interest in capital of the said association shall be transferred, and such transfer shall not be followed by the election of the transferee to membership in such association and participation in the subsequent business thereof, and the interest of the owner in the association shall be ascertained by the fixing of the price and terms to be paid therefor as provided by law, such interests in capital shall thereby become the property of said association.

On December 3d, 1883, Stewart by a written instrument, not in the form prescribed by the rule quoted above, assigned to George W. Colton for a valuable consideration 168 shares of the stock of the Tide Water Pipe Company, Limited, standing in his name on the books of the company, and appointed W. S. Benson his attorney, irrevocable, for him and in his stead to assign all the said stock and for that purpose to execute all necessary acts of assignment thereof.

On the same day Stewart by another instrument in writing also assigned to Colton, all and every claim which he then had against the Tide Water Pipe Company, Limited, and particularly a suit against the said company then pending in Crawford County. This suit had been brought to recover certain dividends declared by the company, which had been retained by it on account of an alleged claim against him. If this claim were allowed there would be a balance due Stewart of $1036.90.

On April 9th, 1884, the writ of attachment was served, prior to which time the garnishees had received notice of the assignments to Colton.

On June 2d, 1884, Colton constituted David McKelvy his attorney to receive for him from David B. Stewart an assignment of the 168 shares of stock, and to do all necessary acts to

effect the premises and to comply with the regulations and requirements of the company; and on August 11th, 1884, an assignment of the 168 shares in the form prescribed by rule 10, was executed by Benson and McKelvy as attorneys respectively for Stewart and Colton. Colton was then elected to membership in the association.

The court below entered judgment against the garnishee on its answers to the interrogatories, delivering the following opinion :—

"The law is with the attaching creditor in this case. The garnishee answers that the defendant was a shareholder in the Tide Water Pipe Company, Limited, partnership association, on the 9th of April, 1884, the date of the service of the attachment, and so continued until the 11th of August, 1884. On this last named day a formal transfer of his shares was made to Colton, in accordance with the terms, conditions and provisions of the rules and regulations or the limited partnership, and which were binding upon all parties.

I have heretofore held that these rules and regulations were a law with the contracting and assenting parties. Rule 10 expressly declares that interests in said association shall only be transferred upon the transfer books of the association in person or by proxy and in such form as shall be prescribed, etc., etc., and furthermore explicitly, that 'No change of ownership can be accomplished in any other mode or form, or by any other means, than a transfer as above specified.' In supplemental answers of the garnishees there is exhibited a copy of an alleged assignment of Stewart to Colton under date of December 3d, 1883. It is a very informal paper, and not in the form and the manner prescribed by the rules and regulations. If we may judge from the paper accompanying it, executed by the transferee, the transfer was not accepted by such transferee until June 2d, 1884. . . . . .

I have said that the transfer and acceptance of August 11th, 1884, were the first and only formal papers executed according to the provisions of the rules and regulations.

But it is argued that these rules can only be obligatory so far as the partnership company is concerned, that a creditor may not take advantage of a non-compliance with the rules, and that the shares being private property, no restriction may be made in the free sale and transfer of such property, but that the owner may do with it as and in such manner as he pleases. The answer to this is plain. The sale and transfer of all property owned by an individual may be said to be free, provided the owner makes such sale and transfer according to law, that is to say, the rules prescribed for making and regulating such transfer and sale. . . . . .

Rule 10 is a good one for share-holder, share-purchaser and for creditor, and for the latter more particularly, as it prevents a false display of property and of credit by a person about to become a debtor.

At the time of the service of this attachment Stewart was a legal share owner in the Tide Water Pipe Company, Limited, and as such his shares were liable to attachment. The record, however, shows that the attaching creditor need not touch, and indeed does not need to touch the *corpus* of these shares. Dividends were declared from time to time from 12th July, 1883, to 1st April, 1884, inclusive, more than sufficient to satisfy this debt of the plaintiff, even after deducting an alleged claim of the garnishee against the defendant. The title to these dividends is in the true owner of the shares, and hence these must be applied to satisfy the attachment.

Thus much for the law of the case as I understand it. I had thought in the argument of this motion that to conserve the rights of all parties, the transferee, Colton, ought to be brought into court and given opportunity to defend any claim he might have, but if I understand correctly the counsel who appeared to this motion for the garnishees, he also appeared for Colton, the defendant's transferee, and as such argued this motion for judgment on its merits, as a question of law and upon the availability of the transfer to Colton of the 3d December, 1883. If this be correct then Colton is represented in this motion, and his rights determined therein."

The Tide Water Pipe Company, Limited, then took this writ of error, assigning for error the entry of judgment against the garnishee on its answers to interrogatories, and the decision of the court that the transfers by Stewart to Colton of December 3d, 1883, carried out August 11th, 1884, in accordance with the rules and regulations of the company did not vest the property in the shares in Colton together with accrued dividends as against the attaching creditor.

*Roger Sherman*, for plaintiffs in error.—The only provision made by the law as to sale of stock or interests in capital of a partnership association organized under the Act of June 2d, 1874, is sec. 4 of that Act. That section is evidently for the protection of the members, not of third persons. It is directory and permissive. It is intended to allow the association to prevent the admission of a new member; and in effect recognizes the validity of ordinary though informal transfers, by providing for the appraisement of the interest transferred. In Collins' App., 15 W. N. C., 5; (s. c., 11 Out., 590,) an agreement to pledge an interest in a limited partnership was enforced in equity against other creditors. Though a certificate

[Tide Water Pipe Co. v. Kitchenman.]

of stock stands upon the books of a company in the name of the original holder at the time of attachment by a creditor, that will not divest the title of a prior purchaser, even though the by-laws provide that the stock shall be transferable only upon the books of the company: Finney's App., 59 Pa. St., 398; Commonwealth v. Watmough, 6 Whart., 117; Webster v. Upton, 91 U. S., 65. Such a provision in a charter applies only to the transfer of the legal not the equitable title: Black v. Zacharie, 3 How., 483; Insurance Co. v. Smith, 11 Pa. St., 120; Morawetz on Corporations, sec. 326, 327.

*F. B. Guthrie* and *Julius Byles*, for defendant in error.— Sec. 4, of the Act of 1874 put Colton on inquiry whether any rules had been made for the transfer of the shares of the association, and rule 10 expressly provides that the transferee shall assent to and agree to be bound by the rules and regulations of the association; Stewart had subscribed to this rule. Colton recognized the invalidity of the earlier assignment by his acceptance as the transfer of August 11th, 1884.

Mr. Justice GORDON delivered the opinion of the court, March 9th, 1885.

The attachment in this case was served upon the plaintiff in error on the 9th of April, 1884. The attached stock, as appears by the answers, had been regularly assigned, by D. B. Stewart, the defendant in the Kitchenman judgment, on the 3d day of December 1883, to George W. Colton, with an irrevocable power of attorney to W. S. Benson to make the necessary transfers, and on the same day a like assignment was made, by Stewart to Colton, of all and every other claim or claims which the former then had against the Tide Water Pipe Company, garnishee as aforesaid. Thus before the levying of the attachment every interest which Stewart had previously owned in or against the company, whether in the shape of stock or indebtedness, had passed to Colton. About the facts as above stated there seems to have been no controversy in the court below. Nevertheless the learned judge of that court was of opinion that no transfer of the stock could be made effectual without a strict compliance with the company's tenth rule, and that as the transfer and acceptance of the 11th of August, 1884, were the first and only formal papers executed according to the provisions of the rule, no title passed, either to the shares or dividends, to Colton before that time, and, therefore, entered judgment against the company on its answers. We cannot see how a judgment of this kind can be sustained either on authority or the facts of the case. We held in Finney's Ap., 9 P. F. S., 398, on the author-

ity of the Commonwealth *v.* Watmough, 6 Wharton, 117, and of the Building Association *v.* Sendmeyer, 14 Wr., 67, that title to the stock of a corporation passed to a purchaser at the time of the delivery of the certificate and power of attorney, and the fact that the stock was transferable only on the books of the company made no difference. So, in the case of the United States *v.* Vaughan, 3 Bin., 394; when stock of the United States Bank had been transferred in a similar manner, it was held that it could not be attached as the property of the vendor.

The garnishee however, in this case, is not a corporation but a limited partnership, organized under the Act of June 2d, 1874, (Ph. L. 271), and it follows that unless there is in the Act some prohibition of the transfer of a partner's interest, such transfer may be made by a simple assignment. Section 4, however, authorizes such a disposition of a partner's stock "under such rules and regulations as the association may prescribe."

Of course this gives force to rule 10, under which the learned judge ruled this case against the garnishee, and as that rule is an important element in the pending action we give it in full, as follows: "interests in said association shall only be transferred upon the transfer book of said association in person or by proxy, and in such form as shall be prescribed or adopted by the board of managers, and upon the surrender of the certificates therefor; but no transfer shall be made of any fractional part of a share or of a less amount of capital than one hundred dollars. No change of ownership can be accomplished in any other mode or form, or by any other means than a transfer as above specified; provided, however, that until some other form shall be prescribed by the board of managers, such transfers shall be in the following form." Then come the prescribed forms which were duly executed by David B. Stewart and George W. Colton, by their several attorneys, on the 11th of August, 1884, and are the papers referred to in the opinion of the court below. Now, the learned judge emphasizes the expression "No change of ownership can be accomplished in any other mode or form, or by any other means than a transfer as above specified."

But this change of ownership is one affecting the partnership alone, and beyond this the operation of the rule cannot extend; as to the association no one can claim such ownership until he complies with its regulations by which a new partner may be admitted to the rights of partnership. But it was just so with the corporations referred to in the cases cited. As to them no one could be a share holder and enjoy the privileges of a corporator until he had complied with their rules respect-

ing the transfer of stock.  But in the meantime Colton had the right of Stewart, and when he complied with the rule he could compel the partnership to admit him, just as the shareholder did in Finney's Appeal.  The rule was made for the protection of the company, but it was not operative until after the assignment.  When Stewart assigned to Colton and executed the irrevocable power of attorney he certainly parted with something he had a right to sell, and that something was his interest in the partnership, and if to that sale the association did not object, we are at a loss to know who else had the right so to do.  Indeed, even the company had no right to object in advance to the assignment; its only right in the premises was to refuse a transfer on its books until its rule was complied with, and when that was done it had no alternative but to receive Colton as a partner.  Moreover, Stewart could not plead this rule to defeat his own contract, and especially as a compliance with the rule at any time would fully execute that contract.  He had given to his assignee the power to comply with the rule and thus become a member of the partnership, and he could not afterwards prescribe the time when Colton should thus comply and secure his membership.  That was a matter between himself and the association with which Stewart had nothing to do, or at least only so far as the exercise of the right would operate to relieve him from the responsibility of membership.  We need hardly add, that the attaching creditor stands on the foot of his debtor; the equities which bind the one in like manner bind the other, and it hence follows, that as Stewart cannot in equity annul the contract with Colton neither can Kitchenman.

The judgment is reversed and a procedendo awarded.